1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE RUIZ PALOMAR, II,

11              Plaintiff,                         No.  2:12-cv-0757 KJN P

12        vs.

13   T. ATHANS, et al.,

14              Defendants.                        ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.  On April 5, 2012, plaintiff consented to the jurisdiction of the undersigned.

20              Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are:  1) Board of Parole Hearings ("BPH") psychologist

Athans; 2) the BPH; 3) the California Department of Corrections and Rehabilitation ("CDCR");

4) BPH Commissioner Prizmich; 5) and BPH Commissioner Ferguson.

Plaintiff alleges that defendant Athans prepared a psychological report regarding

plaintiff that contained false information.  Plaintiff alleges that defendant BPH used this

fraudulent psychological report to find him unsuitable for parole.  As relief, plaintiff seeks money

damages, expungement of defendant Athans' allegedly false report, and a new parole hearing.

Plaintiff also requests that the court order an investigation into defendant Athans' alleged crimes.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or

speedier release'" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting

Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not

'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131

S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82).  As a consequence, challenges to prison

conditions have traditionally been cognizable only via § 1983, while challenges implicating the

fact or duration of confinement must be brought through a habeas petition.  Docken v. Chase,

393 F.3d 1024, 1026 (9th Cir. 2004).  Parole claims implicating the legality or duration of a

prisoner's custody, and a determination of which may likely result in entitlement to an earlier

release, must be brought in habeas.  See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997);

3

1    see also Ramirez v. Galaza, 334 F.3d 850, 858–59 (9th Cir. 2003) (implying that claim, which if

2    successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be

3    brought in a habeas petition).

4            Plaintiff claims that defendant Athans' allegedly false report caused him to be

5    found unsuitable for parole.  Attached as an exhibit to plaintiff's complaint is a copy of the

6    transcript from plaintiff's 2011 parole suitability hearing.  In 2011, plaintiff was found unsuitable

7    for parole based on plaintiff's testimony at the hearing which contradicted the official version of

8    events. (Dkt. 1 at 228.)  The panel stated that plaintiff failed to take responsibility for his role in

9    the crime and minimized his own involvement.  (Id. at 237.)  The 2011 panel found that plaintiff

10   failed to acknowledge the role of alcohol in his offense and denied he was an alcoholic.  (Id. at

11   229.)  The panel also found plaintiff unsuitable based on his prison disciplinary history, which

12   included 17 rules violations, the last being in 2006.  (Id. at 230.)  The panel also stated that

13   plaintiff's psychological evaluations "over the years" suggested that he needed to work on

14   himself.  (Id. at 232.)  The panel stated that Dr. Athans' psychological report "mirrored"

15   everything that they saw at the hearing.  (Id. at 236-37.)  Although the BPH found plaintiff

16   unsuitable, in part, based on his prison disciplinary record, it significantly relied on Dr Athans'

17   report in finding him unsuitable for parole in 2011.

18           Were plaintiff to succeed on his claim regarding the allegedly false psychological

19   report, it would likely accelerate a finding that he is suitable for parole.  For this reason,

20   plaintiff's claim challenging Dr. Athans' allegedly false report should be brought in a petition for

21   writ of habeas corpus.

22           Moreover, plaintiff's civil rights claims against defendants BPH and CDCR are

23   barred by the Eleventh Amendment.  The Eleventh Amendment bars suits brought by private

24   parties against a state or state agency unless the state or the agency consents to such suit.  See

25   Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam);

26   Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh

4

Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's civil rights claims against defendants CDCR and BPH are legally frivolous.

Plaintiff's claims for money damages against defendants Athans, Prizmich and Ferguson are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof  "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,  28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Plaintiff's claim challenging the allegedly false psychological report implicates the validity of his imprisonment.  Prevailing Ninth Circuit and Supreme Court precedent confirm plaintiff's civil rights claims are barred under Heck.

In particular, the theory that a parole hearing officer relied on false information in finding a prisoner unsuitable for parole has been found to fall squarely within the proscription of the Heck doctrine.  See Edwards v. Balisok, 520 U.S. 641 (1997) (finding that a plaintiff's claim of procedural defects in his parole hearing included allegations of deceit and bias by the decisionmaker, and therefore necessarily implicated the validity of the hearing itself); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (holding that a plaintiff's claim of due process violations arising from the consideration of false information in his prison file which led to a finding that he was ineligible for parole was barred by the Heck doctrine).

1   Plaintiff cannot cure the pleading defects discussed above.  Accordingly, IT IS

2   HEREBY ORDERED that:

3   1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is

4   granted.

5   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10  3.  This action is dismissed.

11  DATED:  August 3, 2012

14

15  _____
    KENDALL J. NEWMAN
16  UNITED STATES MAGISTRATE JUDGE

pal757.14